Affirmed and Opinion filed _____________, 2002














Affirmed and
Memorandum Opinion filed July 3, 2003.                                                       

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00817-CR  

____________

 

JAMES PORTER,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 338th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 898,709




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant was charged by
indictment with delivery of less than one gram of cocaine.[1]  After the trial court denied his motion to dismiss,
appellant entered a plea of no contest pursuant to a plea agreement.[2]  The trial court assessed punishment at six
years’ confinement.  

Appellant and two passengers in his car were arrested
after delivering crack cocaine to undercover officers. Upon arrest, the
ten-dollar bill used in the transaction (whose serial number had been recorded
by the officers) was found around appellant’s finger.  The State did not retain the bill as
evidence, pursuant to a policy to retain records of serial numbers of bills
used in such cases, but not the bills themselves.  Appellant moved to dismiss because the State
could not produce the bill for inspection. 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm appellant’s
conviction.  See Tex. R. App. P.
47.1.

            Generally, the mere
failure to preserve evidence is not a denial of due process. See Arizona
v. Youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 337 (1988); Burke
v. State, 930 S.W.2d 230, 236 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).  In
order to show that denial of due process occurred when evidence was lost, a
defendant must show the evidence was (1) material; (2) favorable to the
defense; and (3) destroyed in bad faith by the State.  See
Burke, 930 S.W.2d
at 236.  Here, appellant
provides no evidence the State acted in bad faith.  Moreover, even if he had, he argues only that
the ten-dollar bill could have been
exculpatory if it failed to show it had been rolled around something.  This is pure speculation; it does not meet
the materiality standard.  Id.  

In sum, appellant has not shown bad faith or that the
evidence was favorable and material. 
Consequently, we overrule his only issue.

The judgment is affirmed. 

/s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed July 3, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do
Not Publish — Tex. R.
App. P. 47.2(b).

 











[1]
Appellant’s indictment was enhanced with prior felony convictions for
aggravated assault and possession of a controlled substance.





[2]
Appellant’s plea agreement waived his right to appeal anything except the issue
presented herein.